IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CASE NO. 7:16-cv-223

| | |
|---|---|
| JOHN H. TOLLEY and<br>VICKIE S. TOLLEY,<br><br>      Plaintiffs,<br><br>V.<br><br>GREEN TREE SERVICING, LLC,<br>DITCH FINANCIAL, LLC,<br>DITECH FINANCIAL, LLC f/k/a<br>GREEN TREE SERVICING, LLC,<br><br>      Defendants, | NOTICE OF REMOVAL<br>28 U.S.C. § 1441(b) |

Defendant Ditech Financial, LLC, formerly known as Green Tree Servicing, LLC[1] ("Ditech"), pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1446, hereby gives notice of removal of this action. In support of this Notice, Ditech respectfully shows the Court that:

    1.    This action was commenced on or about May 20, 2016 in Columbus County, North Carolina, Superior Court, and is currently pending in Columbus County Superior Court as case number 16-cv-683.

    2.    Defendant Ditech was served with a copy of the Summons and Complaint on May 26, 2016.

    3.    A true and accurate copy of the Summons and Complaint received by Defendant is attached hereto as <u>Exhibit A</u>.

---

[1] Effective August 1, 2015, Green Tree Servicing, LLC and Ditech Mortgage Corporation merged into Ditech Financial, LLC.

4. Plaintiffs instituted this action alleging claims for relief for: (1) misrepresentation, (2) fraud, (3) Unfair and Deceptive Trade Practices as defined in N.C. Gen. Stat. § 75-1.1, (4) breach of the duty of good faith and fair dealing, and (5) preliminary and permanent injunctive relief.

5. Pursuant to 28 U.S.C. § 1441(b), this action may be removed based upon the diversity of the parties and the amount in controversy.

6. Upon information and belief, at the time this action was commenced, Plaintiffs were, and still are, citizens and residents of Columbus County, North Carolina. (Complaint ¶1).

7. Defendant Ditech is a limited liability company organized under the laws of the state of Delaware, with its principal place of business in Florida. Defendant Ditech has two members (1) Green Tree Servicing Corporation, which has no members, is organized under the laws of the state Delaware and has a principal place of business in Minnesota, and (2) Walter Management Holding Company LLC, which is organized under the laws of the state of Delaware and has its principal place of business in Minnesota. Walter Management Holding Company LLC is made up of its sole member Green Tree Credit Solutions LLC, which is organized under the laws of the state of Delaware and has its principal place of business in Minnesota. Green Tree Credit Solutions, LLC is made up of its sole member Walter Investment Management Corporation, which is a publicly traded corporation, is organized under the laws of the state of Maryland, and has its principal place of business in Florida. Accordingly, for purposes of federal diversity jurisdiction, Ditech is a citizen of Delaware, Minnesota, Maryland and Florida. Ditech is not a citizen of North Carolina. *See* Cent. W Va. Energy Co. v. Mt. State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2012) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members."); Gen. Tech.

Applications, Inc. v. Exro Ltd., 388 F.3d 114, 121 (4th Cir. 2004) (holding that limited liability company's "citizenship is that of its members").

8. Plaintiffs seek at least $40,000.00 in actual damages. (Complaint First Claim for Relief ¶12, Second Claim ¶5, Third Claim ¶5, Fourth Claim ¶7).

9. Plaintiffs also seek to treble damages pursuant to N.C.G.S. § 75.1-1. (Complaint Third Claim ¶5).

10. Additionally, Plaintiffs seek the costs associated with the prosecution of this action as well as attorney fees. (Complaint Wherefore ¶4).

11. Based on the trebling of damages, pursuant to N.C.G.S. § 75.1-1, and potential award of costs and fees, Plaintiffs seek in excess of $75,000.00, and therefore, the amount in controversy exceeds the jurisdictional threshold in this case. *See* Fox v. AFLAC Inc., 2011 U.S. Dist. LEXIS 100160 (W.D.N.C. Sept. 6, 2011) (*citing* Wall v. Fruehauf Trailer Servs., Inc., 123 F.App'x. 572, 577 (4th Cir. 2005)) (trebling damages would increase amount in controversy to in excess of $75,000.00 and thus the amount in controversy requirement was met); R.L. Jordan Oil Co. of North Carolina, Inc. v. Boardman Petroleum, Inc., 23 F.App'x. 141, 145 n.3 (4th Cir. 2001) ("When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages, available to [plaintiff] under the [Unfair Trade Practices Act.]") (citations omitted); Mozingo v. Orkin, Inc., 2011 U.S. Dist. LEXIS 23288, 2011 WL 845896 (E.D.N.C. 2011) (noting that trebled damages for unfair trade practice would meet threshold except that claim had been dismissed).

12. This Court, therefore, has original diversity jurisdiction in this action, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the Plaintiffs and

the Defendant, and because the amount in controversy, exclusive of interest and costs exceeds $75,000.00. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b).

13. This Notice is filed within 30 days of service and is therefore timely pursuant to 28 U.S.C. § 1446(b).

14. Pursuant to 28 U.S.C. §1446(d), a true and accurate copy of this Notice, along with a Notice of Removal to Federal Court, will be filed with the Clerk of the General Court of Justice, Superior Court Division, Columbus County, North Carolina, promptly upon the filing of this Notice in the United States District Court for the Eastern District of North Carolina. A true and accurate copy of the Notice of Removal to Federal Court (without this Notice of Removal, which will be filed therewith as Exhibit A) that will be filed in the State Court along with this Notice is attached hereto as <u>Exhibit B</u>.

WHEREFORE, Ditech respectfully prays the Court that this action be removed from the General Court of Justice, Superior Court Division, Columbus County, North Carolina, to the United States District Court for the Eastern District of North Carolina.

Respectfully submitted, this 27th day of June, 2016.

TROUTMAN SANDERS LLP

/s/ Danielle K. Greco
D. Kyle Deak (NC State Bar No. 35799)
Danielle K. Greco (NC State Bar No. 30701)
434 Fayetteville Street, Suite 1900
Raleigh, North Carolina 27601
Telephone: (919) 835-4100
Facsimile: (919) 829-8725
Email: kyle.deak@troutmansanders.com
Email: danielle.greco@troutmansanders.com

*Attorneys for Defendant Ditech Financial, LLC*

CERTIFICATE OF SERVICE

The undersigned counsel for Defendant Ditech Financial, LLC hereby certifies that on this the 27th day of June, 2016, I electronically filed the foregoing Notice of Removal with the Clerk of this Court using the CM/ECF system and I have served a copy thereof upon the following by depositing a copy in the United States mail in a properly addressed envelope with adequate postage thereon addressed as follows:

>  Kevin J. Bullard
>  The McGougan Law Firm
>  Attorney for the Plaintiffs
>  130 Jefferson Street
>  Whiteville, NC 28472

/s/ Danielle K. Greco
Danielle K. Greco